OPINION OF THE COURT

Per Curiam.

Order entered December 10, 1982 reversed, without costs, motion to vacate arbitration award granted, and case remanded to the court below for further proceedings.
In this small claims action, plaintiff seeks to recover against defendant for the cost of repairing a defective apartment door. On the first hearing date, attended by the plaintiff and a nonattorney representative of the defendant, the matter was referred to arbitration after a defense request for an adjournment was denied. The arbitration rules of the Civil Court require that the parties sign a consent which, in its present form, contains the following acknowledgment in capital letters: “we were informed THAT ARBITRATOR’S AWARD IS FINAL, AND THAT NO APPEAL will be permitted” (see 22 NYCRR 2900.33 [o] [2]). Neither side signed the consent at the arbitration below.
*1065 Following an award in plaintiff’s favor, defendant moved to vacate. His submission included an affidavit from the person who had appeared in his behalf at the hearing, attesting to the fact that he was not told that by appearing before an arbitrator he was waiving the defendant’s right to a trial by the court, and that he had not so waived in writing. The motion was unopposed. The record does contain, however, the arbitrator’s written oath to the effect that the litigants were informed that an arbitrator’s award is final and no appeal is permitted.
Civil Court denied the motion to vacate. The court took judicial notice of the daily procedures in Small Claims Court, i.e., the public announcements made by court personnel as to the consequences of electing arbitration, and found it “hard to conceive that defendant did not hear the announcement made in open court or the statements made by the arbitrator prior to the commencement of the hearing”. Accordingly, the court determined that defendant’s representative had been informed of his rights in open court and prior to arbitration.
The lower court’s exclusive reliance upon what may customarily take place in Small Claims Court was unjustified, since that is not sufficiently probative of what in fact took place at the particular arbitration with which we are concerned. The rules governing arbitration differ substantially from the rules governing judicial trials, particularly in the respect that no record is made and no appeal may be taken. Clearly, the purpose of the court rule is to insure that lay persons understand they are waiving these rights, and to formally memorialize that waiver. In the situation where the consent card is not signed, and there are conflicting accounts as to whether appropriate notice of the arbitration rules was given, the requirement of the court rule should be respected and any doubt resolved in favor of the party whose written consent was not obtained. Our decision in Romero v Milhomens (NYLJ, June 30, 1983, p 10, col 6 [App Term, 1st Dept]) is not to the contrary, inasmuch as there the moving party’s affidavit failed to allege that she was not actually informed at the arbitration that the award would be final and that no appeal would lie.
*1066 We are also of the view that since the matter was on for the first time, on the date selected by plaintiff, defendant was entitled to an adjournment.
Hughes, J. P., Sandifer, and Parness, JJ., concur.